IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LEONARD BROWN,**                                                               **PETITIONER**
**#54312-019**

**V.**                                           **CIVIL ACTION NO. 3:16CV262 CWR-LRA**

**WARDEN BONITA MOSLEY**                                         **RESPONDENT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Leonard Brown filed the instant petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241, seeking a reinstatement of good-conduct credit. At the time of filing, he was incarcerated at the Federal Correctional Complex-Medium in Yazoo City, Mississippi (FCC-Yazoo) serving a 384-month term of imprisonment for using a firearm during the commission of a crime.[1] Petitioner alleges that disciplinary proceedings, resulting in the loss of good-conduct credit, violated his due process rights and the Federal Bureau of Prisons (BOP) regulations. Respondent asserts the petition should be denied because all due process requirements were met, and the evidence was sufficient to support the sanctions imposed. Having considered the submissions of the

---

[1] The proper respondent in habeas challenges is the custodian of the petitioner. 28 U.S.C. §§ 2242-2243. At the time of filing, Petitioner correctly named Warden B. Mosley, then warden at FCC-Yazoo, as the Respondent. However, a change-of-address, docketed on October 15, 2018, indicates that Petitioner was transferred to the Federal Transfer Center in Oklahoma City, Oklahoma. Notwithstanding, jurisdiction over a § 2241 petition attaches at the time of filing; thus, this court has jurisdiction, notwithstanding his transfer to a different facility and custodian. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

parties and the applicable law, the undersigned recommends that the petition be dismissed for the reasons that follow.

While confined in the Federal Correctional Institution in Edgefield, South Carolina, Brown was charged with fighting in violation of Inmate Disciplinary Code 201. Surveillance video recorded on July 7, 2014, shows an inmate approach Petitioner and an Inmate Riley from behind and strike them on their backs with an unknown object while they are watching television. Petitioner and Inmate Riley respond by striking their attacker numerous times in his head and upper body; Brown is specifically seen kicking the attacker twice. The fight was reportedly broken up by several other inmates and Petitioner was transferred to the Special Housing Unit ("SHU") that same day. Brown maintains that all his actions were done in self-defense. [2]

BOP staff conducted an investigation when they became aware of Brown's involvement in the incident on July 14, 2014. Petitioner received a copy of the incident report charging him with committing the prohibited act of fighting another person on July 15, 2014. After reviewing the matter, the Unit Disciplinary Committee ("UDC") referred it to the Disciplinary Hearing Officer (DHO) for further hearing. A disciplinary hearing was held on July 22, 2014, at which time, Petitioner waived staff representation and the right to call witnesses on his behalf. He was found guilty as charged and sanctioned with

---

[2] ECF No. 14-1— 14-6.

a disallowance of 27 days of good-conduct credit and 30 days of disciplinary segregation.[3]

After exhausting administrative remedies, Petitioner filed the instant petition alleging that his due process rights were violated during the disciplinary proceedings. He also alleged conditions-of-confinement claims sounding in retaliation, failure-to-protect, and conspiracy, none of which are properly pursued in a habeas petition. *See Deen-Mitchell v. Young*, 490 F. App'x 650, 650 (5th Cir. 2012) (citation omitted) (noting that if a favorable determination on a claim would not automatically entitle an inmate to an accelerated release, the claim is not properly brought in a habeas corpus petition). On October 14, 2016, this Court granted Brown's motion to voluntarily dismiss all non-habeas claims from consideration. All that remains is Brown's claim that the BOP violated his due process rights. In his prayer for relief, he requests that his disciplinary conviction be vacated and expunged from his record and his good-conduct time be restored. He also requests to be transferred to another facility.

1.

Brown's contentions that his due process rights were violated are unavailing. Brown alleges that BOP officials violated his due process rights when they placed him in the SHU without a "lock up order" or incident report explaining why. The incident

---

[3] *Id.*

report, he claims, was "over 24 hours old" when he finally received it in violation of BOP Program Statement 5270.09.[4]

It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment. *Wolff v. McDonnell*, 418 U.S. 539 (1974). However, prison disciplinary proceedings are not a part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights of such proceedings. *Id.* at 566. Prison disciplinary hearings comport with due process when an inmate is given (1) advance written notice of the charges at least 24 hours prior to the proceedings; (2) the opportunity to present documentary evidence and call witnesses in his defense; and, (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action taken. *Martinez v. Young*, 653 F. App'x 835, 836 (citing *Wolff*, 418 U.S. at 563-70).

The crux of Petitioner's argument is that BOP officials revoked his good time credit without following BOP procedures. Specifically, BOP officials failed to provide him with an incident report notifying him of the charges within 24 hours of the incident in violation of BOP Program Statement 5207.09. However, this is not a requirement of *Wolff*. BOP Program Statement 5207.09, codified in 28 C.F.R. § 541.5(a),[5] provides that prison staff are to "give each inmate charged with violating a Bureau rule a written copy of the charge(s) . . . ordinarily within 24 hours of the time staff became aware of the

---

[4] ECF No. 1, p.4; ECF No. 14-2, p. 5.

[5] This section was previously codified at 28 C.F.R. § 541.15(a).

inmate's involvement in the incident." 28 C.F.R. § 541.5(a).  By comparison, *Wolff* "requires only that the inmate receive written notice of the charges at least 24 hours before the hearing, not within 24 hours from the time the prison staff became aware of the incident." *August v. Payne*, 46 F. App'x 732, at *2 n.2 (5th Cir. 2002) (unpublished).

In the present case, it is undisputed that Brown's incident occurred on July 7, 2014.  Staff did not become aware of the incident until reviewing surveillance video on July 15, 2014.  In compliance with *Wolff*, Brown received the incident report on July 15, 2014, more than 24 hours before the disciplinary hearing was held on July 22, 2014.  The report was delivered at1430 hours on July 15, 2015, "one hour and thirty-seven minutes more" than the 24-hour period provided by BOP policy.  The record reflects that the delay was due to an institutional emergency and Brown was advised of such at his disciplinary hearing.  Contrary to what Brown argues, the delay was not a violation of due process or even of BOP policy.  Program Statement 5207.09 provides that an inmate will receive a copy of the charges "***ordinarily*** within 24 hours" of staff becoming aware of the incident. (emphasis added).  By its terms, it allows for the report to be delivered more than 24 hours after the staff becomes aware of the incident.  Even if this were not the case, the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation.  *Davis v. Lithicum*, 574 F. App'x 379, 380 (5th Cir. 2014); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996).[6]

---

[6] ECF No. 14-5, p. 2.

There is also sufficient evidence to support the DHO's decision that Brown committed the prohibited act of fighting another person. Brown admits to fighting. Although he maintains he was acting in self-defense the entire time, the DHO, relying on the reporting officer's written account, inmate interviews, and video footage, found this argument unconvincing. Brown was provided a written report of the evidence relied on in making the decision, and the reasons for the sanctions imposed. Due process did not require more. Due process is satisfied if there is "at least 'some basis in fact' or a 'modicum of evidence' to support the disciplinary conviction.'" *Superintendent, Massachusetts Corr. Inst. v. Hill,* 472 U.S. 445, 454–56, (1985). Such evidence existed here.

In sum, petitioner received all the procedural due process to which he was entitled. He was given (1) advance written notice of the charges at least 24 hours prior to the proceedings; (2) the opportunity to have assistance from a staff representative; (3) the opportunity to present documentary evidence and call witnesses in his defense; and, (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action taken. *Wolff*, 418 U.S. at 563-70. As the record demonstrates there was at least some evidence to support the finding of guilt, the DHO's finding should not be disturbed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and

Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on April 30, 2019.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
